**Exhibit A**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

TRIAL COURT OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO.:

RICHARD JOHNSON and
CATHERINE JARVIS,
        Plaintiffs

v.

SPEEDWAY, LLC.,
        Defendant

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Richard Johnson, is an individual who resides at 122A Main St., Byfield, Essex County, Massachusetts.

2. The Plaintiff, Catherine Jarvis, is an individual who resides at 122A Main St., Byfield, Essex County, Massachusetts.

3. The Defendant, Speedway LLC., is a foreign corporation having a principal place of business at 500 Speed Way Drive, Enon, Clark County, Ohio.

4. The Defendant, Speedway LLC., maintains a domestic office at 65 Boston Post Road, Suite 310, Marlborough, Middlesex County, Massachusetts.

5. The Defendant, Speedway LLC's Resident Agent is CT Corporation System, 155 Federal Street, Suite 700, Suffolk County, Boston, Massachusetts.

### JURISDICTION

6. Jurisdiction over the Defendant, Speedway LLC., is proper pursuant to M.G.L. c. 223A, §3 because the Defendant is transacting business in the Commonwealth of Massachusetts and caused a tortious injury in the Commonwealth of Massachusetts by an act or omission.

### COUNT I
### NEGLIGENCE
(RICHARD JOHNSON v. SPEEDWAY, LLC).

7. Plaintiff restates the allegations contained in parargaphs one through six (1-6), above, as if fully stated herein.

8. On or about October 7, 2014, and at all times material herein, Defendant, Speedway LLC., owned, controlled and/or maintained the premises known as the Speedway Service Station, previously known at Hess, located at 1144 Providence Road in Whitinsville, Massachusetts.

9. On or about October 7, 2014, the Plaintiff was employed as a delivery driver for Brewer Petroleum, 271 Lee Burbank Highway, Revere, MA, 02151, and was lawfully on the premises of the Defendant located at 1144 Providence Road in Whitinsville, Massachusetts.

10. On or about October 7, 2014, Defendant, Speedway LLC., had a duty to exercise reasonable care over said premises and to keep the premises reasonably safe and free from all foreseeable hazards to persons lawfully on the premises, including defects that may create a potential "trip and fall" hazard.

11. On or before October 7, 2014, Defendant, Speedway LLC., breached said duty by negligently failing to reasonably maintain, repair or provide warning of the hazardous conditions existing at the premises.

12. As a direct and proximate result of Defendant, Speedway LLC.'s negligence as alleged, the Plaintiff sustained severe personal injuries when he was caused to trip and fall on a defect on the ground at said premises, thereby suffering severe injuries.

13. As a direct and proximate result of the Defendant, Speedway LLC.'s negligence as alleged, the Plaintiff was caused to incur medical bills, has lost time and income from his employment, has sustained and continues to sustain an impairment to his ability to enjoy life and attend to his usual activities.

14. At all times material herein the Plaintiff was in the exercise of due care and free of all comparative negligence.

15. The Plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Richard Johnson claims and demands judgment against Speedway LLC. in the amount of his damages together with costs, interests, and reasonable attorney's fees.

## COUNT I
## NEGLIGENCE
## (CATHERINE JARVIS v. SPEEDWAY, LLC)

16. Plaintiff restates the allegations contained in parargaphs one through fifteen (1-15), above, as if fully stated herein.

17. At all times material hereto, Plaintiff Catherine Jarvis was married to Plaintiff Richard Johnson.

18. As a direct and proximate result of Defendant Speedway LLC.'s negligence, as alleged, the Plaintiff was caused to suffer a loss of consortium.

WHEREFORE, the Plaintiff, Catherine Jarvis, claims and demands judgment against Speedway LLC,. In the amount of her damages together with costs, interests, and reasonable attorney's fees.

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY
ON ALL CAUSES OF ACTION ASSERTED HEREIN.

Respectfully submitted,
The Plaintiffs,
By Their Attorneys,

Adam H. Becker -BBO # 561032
George N. Keches - BBO # 263500
KECHES LAW GROUP, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
(508) 821-4355
Abecker@kecheslaw.com

DATED: June 21, 2016

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. |
|---|---|---|
| **PLAINTIFF(S)** RICHARD JOHNSON, CATHERINE JARVIS | **DEFENDANT(S)** SPEEDWAY, LLC. | |

| Plaintiff Atty | Adam H. Becker | Type Defendant's Attorney Name |
|---|---|---|
| Address | 2 Granite Avenue, Suite 400 | Defendant Atty |
| | | Address |
| City | Milton | State MA | Zip Code 02186 | City | | State | | Zip Code |
| Tel. (508)821-4355 | BBO# 561032 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 20 | Personal Injury Trip & Fall | F | [X] Yes [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses                                $ 7,068.51
2. Total doctor expenses                                  $ 12,300.00
3. Total chiropractic expenses                            $ 0.00
4. Total physical therapy expenses                        $ 7,656.00
5. Total other expenses (describe) MRI                    $ 6,775.00
                                              Subtotal    $ 33,794.50
B. Documented lost wages and compensation to date         $ 132,600.00
C. Documented property damages to date                    $ 0.00
D. Reasonably anticipated future medical expenses         $ 15,000.00
E. Reasonably anticipated lost wages and compensation to date  $ 1,326,000.00
F. Other documented items of damages (describe)           $ 0.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Torn medial meniscus, right knee requiring surgery; sprained right ankle; severe exacerbation of patella femoral & right hip arthritis; avascular necrosis right hip.

Total $1,507,394.50

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $_____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.")

Signature of Attorney of Record _____    Date: 6/23/16

A.O.S.C. 3-2007

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 1681CV01862

RICHARD JOHNSON & CATHERINE JARVIS , Plaintiff(s)

v.

SPEEDWAY, LLC. , Defendant(s)

## SUMMONS

To the above-named Defendant: CT Corporation System, Resident Agent
Speedway, LLC.
155 Federal Street, Suite 700
Boston, MA

You are hereby summoned and required to serve upon Adam H. Becker, Esquire, Keches Law Group, P.C.
plaintiff's attorney, whose address is 2 Granite Ave., Suite 400, Milton, MA 02186, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the ___7th___ day of July, 2016, in the year of our Lord two thousand Sixteen.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF

A true copy Attest:
Deputy Sheriff Suffolk County

FORM CIV. P. 1 12M—1/15

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1681CV01862 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|
| CASE NAME: Richard Johnson et al vs. Speedway, LLC | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Adam H Becker, Esq. Keches Law Group 122 Dean Street Taunton, MA 02780 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/27/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 10/27/2016 | |
| All motions under MRCP 12, 19, and 20 | 10/27/2016 | 11/28/2016 | 12/27/2016 |
| All motions under MRCP 15 | 10/27/2016 | 11/28/2016 | 12/27/2016 |
| All discovery requests and depositions served and non-expert despositions completed | 04/25/2017 | | |
| All motions under MRCP 56 | 05/25/2017 | 06/26/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/23/2017 |
| Case shall be resolved and judgment shall issue by | | | 06/29/2018 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 06/29/2016 | Patricia M McCann | | |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

TRIAL COURT OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO. 1681CV01862

RICHARD JOHNSON and
CATHERINE JARVIS,
        Plaintiffs

v.

SPEEDWAY, LLC.,
        Defendant

### PLAINTIFF, RICHARD JOHNSON'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT, SPEEDWAY

The plaintiff propounds the following Interrogatories to the defendant pursuant to Massachusetts Rules of Civil Procedure 33. These Interrogatories are intended as continuing Interrogatories requiring you to answer by supplemental answer, setting forth any information as may be obtained by you, your agent(s), attorneys(s), or representative(s) following your original answer or as otherwise required by Rule 26.

### DEFINITIONS

a. The term "incident" shall refer to the incident alleged in the plaintiff's Complaint which occurred on or about October 7, 2014.

b. The term "premises" shall refer to the premises located at 1144 Providence Road in Whitinsville, Massachusetts.

c. The term " fuel tank access area" refers to the area of the premises located at 1144 Providence Road in Whitinsville, Massachusetts, where one gains access to the underground tanks used to store fuel, consisting of the paved area and any of the valves or panels used to resupply those tanks with fuel.

### INTERROGATORY NO. 1
Please state your full name, residential address, business address, the position you hold with the defendant, and the dates of your employment.

### INTERROGATORY NO. 2
Please state whether, as of October 7, 2014, the defendant owned, operated, controlled and/or maintained the premises.

### INTERROGATORY NO. 3
Please state when and in what manner the defendant was made aware of the incident.

Respectfully submitted,
The Plaintiffs,
By Their Attorneys,

*[signature]*

Adam H. Becker -BBO # 561032
George N. Keches - BBO # 263500
KECHES LAW GROUP, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
(508) 821-4355
Abecker@kecheslaw.com

DATED: July 5, 2016

**INTERROGATORY NO. 4**
Please describe in detail your understanding of how the incident occurred.

**INTERROGATORY NO. 5**
For each person who has any knowledge of any facts and/or circumstances which in any way relate to the incident and/or the injuries alleged in the plaintiff's Complaint, please state: his/her name, address and employer and the facts and/or circumstances about which he/she has knowledge.

**INTERROGATORY NO. 6**
Please indicate whether any licenses or permits are required to dispense gasoline at the premises and identify the name and address of the person or entity that holds any such licenses, both on October 7, 2014 and currently.

**INTERROGATORY NO. 7**
For each and every agent, servant or employee of the defendant who spoke with or had any communications with the plaintiff or the plaintiff's employer concerning the incident, please state: his/her name, business address and residential address, the position or title he/she holds with the defendant; and the substance and verbatim contents of everything that was communicated between said person(s) and the plaintiff and/or the plaintiff's employer.

**INTERROGATORY NO. 8**
Have you or has anyone to your knowledge obtained any statements, in any form concerning the plaintiff, the plaintiff's injuries, or concerning the facts and/or circumstances alleged in the Complaint? (Please answer Yes or No.) If your answer is "yes," please state for each: the date, place and time the statement was made; the name and address of the person making the statement; the name and address of the person to whom the statement was made; the contents of the statement; the form of the statement, i.e., written or recorded; and the name and address of the person(s) having possession and/or custody of the statement.

**INTERROGATORY NO. 9**
If the defendant contends that the incident was caused in whole or in part by some person and/or entity other than the defendant, please state: the name and address of each such person and/or entity; how and in what manner each such other person and/or entity caused or contributed to cause the incident; and the source of the information.

**INTERROGATORY NO. 10**
Did the defendant have the responsibility for maintaining the premises, as of October 7, 2014. If the answer is "yes," please state in what manner the defendant was responsible for maintaining the premises. If the answer is "no", please provide the name, address and telephone number of the person or entity with such responsibility.

**INTERROGATORY NO. 11**
Please identify all persons and/or entities who had performed work on the fuel storage tank access area at the premises prior to October 7, 2014, including in particular, any contractors who had paved, patched or repaired in any fashion, the pavement and concrete at the fuel tank access area on the premises.

**INTERROGATORY NO. 12**
Please describe any and all work performed on or after October 7, 2014, to repair the pavement and concrete at or near the fuel tank access area at the premises. Include in your answer the name and address of any contractors hired to perform such work, the date(s) any such work was performed and a description of what work was performed.

**INTERROGATORY NO. 13**
Please describe in complete detail the policies, practices and/or procedures that were in effect at the premises as of October 7, 2014, to ensure that the paved and concrete portion of the premises was free and clear of any defects or hazards to patrons or business invitees.

**INTERROGATORY NO. 14**
For each and every agent, servant or employee of the defendant who had any responsibility to inspect, maintain and/or repair the premises, including the pavement at or near the fuel tank access area on, before and/or after October 7, 2014, please state: his/her name, business address and residential address; and exactly what his/her duties were concerning the premises.

**INTERROGATORY NO. 15**
Please state the names and addresses of any and all employee's of the defendant or its predecessor who worked at the subject premises between October 7, 2013 and October 7, 2014.

**INTERROGATORY NO. 16**
With respect to each expert witness whom the defendant expects to call at the trial of this action, please state:

    a.    the name and present address of each such person;
    b.    the qualifications of each such person with particular reference to the issues about which such person will be called to testify at the trial of this action;
    c.    the subject matter upon which each such expert will be expected to testify;
    d.    the contents of all opinions to which each expert may be expected to testify; and
    e.    the summary of the grounds for each such opinion listed in your answer to subsection "d" of this interrogatory.

**INTERROGATORY NO. 17**
If there exists any policy of liability insurance which insures the defendant from liability for personal injury damages arising from the circumstances alleged in the plaintiff's Complaint, please state:

    a.    the name and address of the insurance company issuing said policy;
    b.    the number of the policy;
    c.    the effective date and expiration date thereof;
    d.    the limits of liability insurance coverage afforded by said policy for injury to any one person; and
    e.    the name, address, and position of the employee of the insurer who has supervisory responsibility for the disposition of plaintiff's claim.

**INTERROGATORY NO. 18**
Kindly state in detail the relationship, whether contractual or otherwise, between the defendant and Hess Oil. Please include in your answer if Defendant has assumed the legal obligations of Hess as it pertains to the subject incident.

**INTERROGATORY NO. 19**
Please state each and every fact and/or basis upon which you assert the defenses raised in your Answer to the plaintiff's Complaint.

**INTERROGATORY NO. 20**
If the Defendant received any written or verbal complaints or reports with respect to the condition of the premises where the Plaintiff's accident allegedly occurred, including the storage tank area, prior to October 7, 2014, please state:

    a. The date of such complaint or report;

    b. The identity of the person or entity filing such complaint or report;

    c. The content of any such complaint or report.

**INTERROGATORY NO. 21**
Please identify the person, entity, or company who was in control of the premises where the Plaintiff's accident occurred, as alleged in the Complaint, at the time of the subject incident.

**INTERROGATORY NO. 22**
Please identify the person, entity or company that was responsible for maintaining the fuel tank access area to the storage tanks for fuel deliveries at the premises.

**INTERROGATORY NO. 23**
Please state whether on the day of the Plaintiff's alleged accident, either before or after its occurrence, any agent, servant, or employee of the Defendant was aware of the alleged defect in the pavement or surface of the fuel tank access area where the Plaintiff's incident allegedly occurred.

**INTERROGATORY NO. 24**
Please state whether on or before October 7, 2014, any agent, servant, or employee of the Defendant made any inspection of the fuel tank access area of the premises where the Plaintiff's incident allegedly occurred, including in your answer when such inspection was made, by whom it was made, and what such inspection revealed.

**INTERROGATORY NO. 25**
If any agent, servant or employee of the Defendant made any inspection of the fuel tank access area of the premises where the Plaintiff's accident allegedly occurred at any time after the occurrence of the same, please state when such inspection was made, by whom it was made and what such inspection revealed.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

TRIAL COURT OF MASSACHUSETTS
MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO. 1681CV01862

RICHARD JOHNSON and
CATHERINE JARVIS,
      Plaintiffs

v.

SPEEDWAY, LLC.,
      Defendant

## PLAINTIFF, RICHARD JOHNSON'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANT, SPEEDWAY, LLC.

The Plaintiff propounds the following Requests for the Production of Documents to the Defendant pursuant to Rhode Island Rules Civil Procedure 34.

### DEFINITIONS

a.    The term "incident" shall refer to the incident alleged in the plaintiff's Complaint which occurred on or about October 7, 2014.

b.    The term "premises" shall refer to the premises located at 1144 Providence Road in Whitinsville, Massachusetts.

c.    The term "fuel tank access area" refers to the area of the premises located at 1144 Providence Road in Whitinsville, Massachusetts, where one gains access to the underground tanks used to store fuel, consisting of the paved area and any of the valves or panels used to resupply those tanks with fuel.

**REQUEST NO. 1**
All statements of any witnesses regarding the incident alleged in the Plaintiffs' Complaint, including all statements, signed or unsigned, all audio or visual tapes recorded by any type of recording device, and all written transcripts of those recorded statements which are in the possession, custody or control of the Defendant, its insurers, its attorneys, or their agents.

**REQUEST NO. 2**
All statements of the Plaintiff regarding the incident alleged in the Plaintiffs' Complaint, signed or unsigned, including all audio or visual tapes recorded by any type of recording device, and all written transcripts of those recorded statements which are in the possession, custody or control of the Defendant, its insurers, its attorneys, or their agents, servants or employees.

**REQUEST NO. 3**
All statements of the defendant regarding the incident alleged in the Plaintiffs' Complaint, including all statements, signed or unsigned, all audio or visual tapes recorded by any

possession, custody or control of the Defendant, its insurers, its attorneys, or their agents.

**REQUEST NO. 4**
All photographs, negatives, films, video tapes, transparencies, diagrams, schemata, blueprints or drawings depicting the premises as described in Plaintiffs' Complaint, including the fuel tank access area where the alleged incident occurred.

**REQUEST NO. 5**
All accident reports or incident reports filed with, by, or on behalf of the Defendant which have any aspect of the Plaintiff's alleged incident as their subject matter.

**REQUEST NO. 6**
All non-privileged correspondence between the Defendant and any third party which has any aspect of the Plaintiff's alleged incident as its subject matter.

**REQUEST NO. 7**
Any and all documents referencing ownership and/or control of the Premises as described in Plaintiffs' Complaint as of October 7, 2014, including but not limited to deeds, option agreements, leases, contracts or agreements.

**REQUEST NO. 8**
Any and all leases, contracts, agreements or other documents between the Defendant and any other person, company or entity regarding maintenance or use of the Premises as described in the Plaintiff's Complaint which were in effect on October 7, 2014

**REQUEST NO. 9**
Any logs, records, reports or other documents received by the Defendant within three (3) years up to and including October 7, 2014, through the present, regarding any complaints made concerning the condition of the Premises as described in the Plaintiff's Complaint, including but not limited to the area where the alleged incident occurred.

**REQUEST NO. 10**
Any and all documents pertaining to any oil or fuel deliveries scheduled from one year preceding the incident and up to and including October 7, 2014 between the defendant and plaintiff's employer.

**REQUEST NO. 11**
Any and all logs, payroll records, time cards, sign-in sheets or other documents which indicate the names and addresses of all agents, servants or employees of the Defendant or its predecessor who were present at the Premises described in the Plaintiff's Complaint on or about October 7, 2014.

**REQUEST NO. 12**
Copies of any and all insurance policies or insurance agreements, whether primary, excess or umbrella, which were in effect on October 7, 2014, and which insured the Defendant for damages arising out of the circumstances alleged in Plaintiff's Complaint.

**REQUEST NO. 13**
Any and all documents which the defendant intends to introduce as evidence in the trial of this action.

**REQUEST NO. 14**
Records of any inspections by any government or private entity within 3 years of the incident (before and after).

**REQUEST NO. 15**
Any invoices, work orders, logs, schedules, receipts or other documents evidencing repairs or other work performed on any exterior surface at the Premises within 3 years of the incident (before and after).

**REQUEST NO. 16**
Any invoices, contracts, receipts or other documents evidencing any agreement between the Defendant and any third party for any work done on the Premises.

**REQUEST NO. 17**
Any and all documents referencing any policies, procedures, or obligations with respect to inspections, repairs, maintenance, or other work performed by the Defendant on the Premises, including as they relate or involve the fuel tank access area or any re-paving done at the premises.

**REQUEST NO. 18**
Any and all contracts, agreements or other documents between the Defendant and any other person, company or entity regarding any work, including repairs or other work to any interior or exterior surface, performed on the Premises.

**REQUEST NO. 19**
Any logs, records, reports or other documents received by the Defendant within three (3) years up to and including October 7, 2014, through the present, regarding any complaints made concerning the condition of the Premises as described in the Plaintiffs' Complaint, including but not limited to the condition of any interior or exterior surface.

Respectfully submitted,
The Plaintiffs,
By Their Attorneys,

*[signature]*

Adam H. Becker  -BBO # 561032
George N. Keches - BBO # 263500
KECHES LAW GROUP, P.C.
2 Granite Avenue, Suite 400
Milton, MA 02186
(508) 821-4355
Abecker@kecheslaw.com

DATED: July 5, 2016