UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 16-11810-DJC

|   |   |
|---|---|
| **RICHARD JOHNSON and** | ) |
| **CATHERINE JARVIS,** | ) |
| Plaintiff, | ) |
|   | ) |
| v. | ) |
|   | ) |
| **SPEEDWAY, LLC,** | ) |
| Defendant. | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT, SPEEDWAYS LLC'S MOTION FOR SUMMARY JUDGMENT

NOW COME the Plaintiffs, Richard Johnson and Catherine Jarvis ("Plaintiffs") and submits this Memorandum of Law and attached exhibits in support of its Opposition to Defendant's Motion for Summary Judgment.

## FACTUAL ALLEGATIONS

This negligence action arises out of an incident that occurred on October 8, 2014[1], when Plaintiff, Richard Johnson, was injured in the course and scope of his employment as a gasoline and diesel fuel delivery driver for Brewer Petroleum. On that date, Mr. Johnson was lawfully on the premises of the Defendant located at 1144 Providence Road in Whitinsville, Massachusetts, in the course and scope of his employment, when he tripped on a 1 ½" to 2" deviation in height

---

[1] The facts surrounding the alleged date of loss in this lawsuit are currently in dispute and Plaintiffs sought to change this date to October 8, 2014 by way of a motion for leave to amend the Complaint, which was denied by this Court, and by supplemental discovery responses which were served shortly beyond the discovery deadline and which are the subject of a pending motion to strike. Whether this accident occurred on October 7, 2014 or October 8, 2014 is immaterial for the purposes of this summary judgment motion.

1

between the concrete pad surrounding the fill holes and asphalt area adjacent thereto. At the time of the subject incident, rainwater had accumulated within a depression in the asphalt, where it met the concrete pad. The rainwater formed a puddle approximately 3-4 feet in diameter where the asphalt meets the concrete pad and was of such a depth that the deviation in height between the concrete and asphalt was not open and obvious. (See attached Exhibit 1 for photographs of the alleged defect, both with and without rainwater obscuring the defect). As a result of this incident, Mr. Johnson sustained severe injuries including: aggravation of avascular necrosis of the right hip; right knee chondromalacia patella/torn meniscus; and a sprained ankle. Thereafter, while recuperating from his injuries, he suffered aggravations of pre-existing conditions including arthritis in a number of his other joints including hips and shoulders. He suffered from and continues to struggle with bilateral hip and knee pain, lower back pain, and bilateral shoulder pain. Mr. Johnson has undergone a lengthy course of treatment and continues to treat for his injuries to date.

**STANDARD OF REVIEW**

The Defendant, Speedway, is not entitled to summary judgment in this case unless they successfully demonstrate that there are no issues of material fact in dispute. [2] Additionally, as the moving party, Speedway must show that substantive law supports summary judgment in its favor. [3] In reviewing a motion for summary judgment this Court must look at the record in the light most favorable to the non-moving parties, the Plaintiffs, Richard Johnson and Catherine Jarvis, and must indulge all inferences in its favor. [4] As the non-moving party, the Plaintiffs must

---

[2] *See Stepanischen v. Merchants Dispatch Transportation Corp.,* 722 F.2d 922, 930 (1st Cir.1983) Attorney Gen. v. Bailey, 386 Mass. 367, 436 N.E.2d 139 (1982), cert. denied, 459 U.S. 970, 74 L. Ed. 2d 282, 103 S. Ct. 301 (1982).
[3] Massachusetts Rules of Civil Procedure 56; Theran v. Rokoff, 413 Mass. 590, 591, 602 N.E.2d 191, 192 (1992); Correllas v. Viveiros, 410 Mass. 314, 316, 572 N.E.2d 7, 9 (1991).
[4] *Farren v. Gen. Motors Corp.,* 708 F. Supp. 436, 442 (D. Mass. 1989) citing *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

demonstrate a genuine and material issue of fact for trial.[5] A "material fact" has been defined by the Supreme Court as one that "might affect the outcome of the suit under the governing law."[6] This Court notes, "(a) genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party."[7]

**ARGUMENT**

    **A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS THERE ARE ISSUES OF MATERIAL FACT IN DISPUTE.**

    **I.**     DUTY OF CARE

Speedway first claims that they are entitled to summary judgement on the grounds that they owed no duty of care to Mr. Johnson. Defendant states in its motion "[w]hether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by referencing to existing social values and customs and appropriate social policy."[8] However, Defendant admits that "an owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises."[9] This duty includes an obligation to maintain the "property in a reasonably safe condition in view of all the circumstances, including

---

[5] Fed.R.Civ.P. 56(e).
[6] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[7] *Cranshaw v. Cumberland Farms, Inc*., 613 F. Supp. 2d 147, 148 (D. Mass. 2009)
[8] Speedway Memorandum in Support of Motion for Summary Judgment citing *O'Sullivan v. Shaw,* 431 Mass. 201, 203 (2000).
[9] Speedway Memorandum in Support of Motion for Summary Judgment citing *Davis v. Westwood Group,* 420 Mass. 739, 743 (1995)…

the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk."[10]

Plaintiff argues that the Defendant owed him a duty of care on the date of the incident as it is undisputed that Mr. Johnson was lawfully on the Defendant's property as a business invitee. The Defendant knew that Plaintiff, or someone acting in the same capacity as the Plaintiff, would be on the premises and performing the service that Plaintiff was performing (i.e. delivering the petroleum product) at the time of the subject incident. The Massachusetts Appeals Court has held that a business owes a duty of due care to business invitees to "keep its premises in a reasonably safe condition for use according to the invitation or to warn of dangers not obvious to the ordinary person and of which they would not be expected to know, but which were known or should have been known to the defendant." [11]

Defendant cites *Polak v. Whitney*, "if a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk." However, *Polak* is distinguishable from the case at issue as the Court found no duty to warn plaintiff of the danger of being struck when sleeping in his vehicle parked on the side of the road, as it is an open and obvious danger. In the instant case, the Plaintiff was injured on a defect concealed by the rain (accumulation of water). The concealed nature of the defect in an area where Defendant knew Plaintiff would be walking and busy with his duties is *highly* distinguishable from the inherently dangerous choice of parking and sleeping in one's car on the side of the street. "An owner or possessor of land owes a common-law duty of reasonable care to

---

[10] Speedway Memorandum in Support of Motion for Summary Judgment citing *Dos Santos v. Coleta,* 465 Mass. 148, 154 (2013), *citing Mounsey v. Ellard*, 363 Mass. 693, 708 (1973).
[11] *Rainka v. Shing*, 2000 Mass. App. Div. 186 (Dist. Ct. 2000) citing *Benjamin v. O'Connell & Lee Mfg. Co.* 334 Mass. 646, 649, 138 N.E.2d 126 (1956), citing *Fulton v. Edison Electric Illuminating Co. of Boston,* 303 Mass. 258, 262–263, 21 N.E.2d 609 (1939)

all persons lawfully on the premises." [12] As a result, Defendant had a duty to maintain its property in a reasonably safe condition given the likelihood of injury to others, the potential seriousness of those injuries and the limited burden of avoiding the loss.[13] Mr. Johnson was acting in the regular course of his profession as an independent contractor to the Defendant and, as such, public policy and the applicable case law, dictates that a duty of care was owed to the Plaintiff by the Defendant at the time of the subject incident. In addition, regardless of the duty to warn, Defendant is still under a duty to reasonably maintain the premises.[14]

Speedway failed to maintain its premises in a reasonably safe condition as evidenced by the defect upon which Mr. Johnson was injured. The defect that injured Mr. Johnson was found by Plaintiffs' expert David A. Doddridge to be a "hazardous condition (tripping hazard) due to the lack on maintenance of the subject property." [15] (See attached Exhibit 2 for David A. Doddridge's report of June 20, 2017). Additionally, Mr. Doddridge found "the variation in elevation between the concrete flatwork and the asphalt paving was approximately 1 ½" to 2", which is excessive." Mr. Doddridge concluded that "had the property owner… exercised an expected standard of care by identifying and correcting the hazardous condition… the personal injury of Mr. Johnson could have been avoided."

See Section II, below, for further discussion on the specific issue of whether or not the alleged defect on which Plaintiff tripped was "open and obvious".

## II. OPEN AND OBVIOUS CONDITION

Defense Counsel next argues that Defendant is entitled to summary judgment on the grounds that that there was no duty to warn of an "open and obvious" condition. Plaintiffs

---

[12] *Dos Santos*, 465 Mass. at 154, 987 N.E.2d at 1192 (citing *Davis*, 420 Mass. at 743, 652 N.E.2d at 569).
[13] *Rainka v. Shing*, 2000 Mass. App. Div. 186 (Dist. Ct. 2000)
[14] See *Rainka v. Shing,* 2000 Mass. App. Div. 186 (Dist. Ct. 2000).
[15] David A. Doddridge report of June 20, 2017.

dispute that the defect at issue was open and/or obvious. Plaintiffs argue that the question of whether or not the condition is open and obvious is, yet again, another material issue for the jury. Furthermore, the doctrine of open and obvious danger "arises in connection with….the issue of a defendant's duty to protect others from dangerous conditions about which the defendant knows or should know."[16] "Whether a danger is open and obvious has to do with the duty of the defendant, not the negligence of the plaintiff." [17] Plaintiffs assert that based on the multiple inspections of the subject area performed daily by employees of Defendant, Defendant knew or should have known of the alleged defective condition on which Plaintiff alleges he tripped. (See Exhibit No. 5, 30(b)(6) Deposition of Speedway, LLC., pp. 17:22-19:22; 27:4-12). Plaintiffs argue that in light of the conditions present at the time of the subject incident, the condition was not open and obvious which thereby created a duty to warn of the defective condition.

Applicable case law supports a finding that Defendant had a duty to warn Mr. Johnson of the defect. In *Murgo v. Home Depot USA, Inc*., this Court found the determination of whether a danger is open and obvious is a question of fact for the jury. In *Murgo* the plaintiff was injured on a pallet jack that was left in the center of an aisle of a Home Depot store. This Court detailed factors to be considered in determining whether a hazard is open and obvious. "A danger is open and obvious if a reasonable man "exercising ordinary perception, intelligence, and judgment" would recognize the danger." [18] Defense Counsel's argument that the hazardous condition at issue was "clearly visible by any person exercising reasonable care and paying

---

[16] *O'Sullivan v. Shaw*, 431 Mass. 201, 205, 726 N.E.2d 951, 955 (2000)
[17] *O'Sullivan v. Shaw*, 431 Mass. 201, 205–06, 726 N.E.2d 951, 955 (2000)
[18] *Murgo v. Home Depot USA, Inc*., 190 F. Supp. 2d 248, 251 (D. Mass. 2002) citing *Gallant v. Indian Ranch, Inc.,* 2001 WL 1712502, *2 (Mass.2001) (citing Restatement (Second) of Torts § 343A at Comment b) (internal quotation marks omitted).

attention to their whereabouts" fails to acknowledge the role of the jury in determining whether or not a condition is "open and obvious", as stated by this Court in *Murgo*.

In *Murgo* this Court ruled that a defendant is liable for plaintiff's injuries if they were foreseeable, regardless of the open and obvious determination. [19] "Under Massachusetts law, a landowner is not liable to his invitees for injuries caused by open and dangers "unless [the landowner] should anticipate the harm despite such knowledge and obviousness." [20] The Court summarized that a landowner should foresee the harm from an open and obvious condition and should anticipate that an invitee's attention may be distracted.[21] The Court in *Murgo* considered the following in determining whether the plaintiff's injuries were foreseeable: "(1) whether the hazard was in an unexpected place, (2) the presence of distracting store displays and (3) the knowledge of the landowner and the invitee of the potential hazard."[22] This Court found in *Murgo* that whether the pallet jack in the center of the aisle was an open and obvious danger was a question of material fact and accordingly denied defendant's motion for summary judgment. [23]

Regardless, the question of whether or not a defect is open and obvious is not dispositive of the case as there may be a duty to remedy the condition even if a condition is found to be open and obvious. [24] A landowner must remedy a danger "where he knows or has reason to know that lawful entrants may not heed the warning for a variety of reasons, including their own failure to

---

[19] *Murgo v. Home Depot USA, Inc.,* 190 F. Supp. 2d 248, 251–52 (D. Mass. 2002)
[20] Id. Citing Restatement (Second) of Torts § 343A (1965).
[21] *Murgo v. Home Depot USA, Inc.,* 190 F. Supp. 2d 248, 252 (D. Mass. 2002) citing Restatement (Second) of Torts § 343A,
[22] Id. Citing *Michalski,* 225 F.3d at 120–21; *Beausoleil v. Massachusetts Bay Transp. Authority,* 138 F.Supp.2d 189, 206–207 (D.Mass.2001) (imputing knowledge to the plaintiff if the open and obvious hazardous condition is static); *Rainka v. Shing,* 2000 WL 869453, *5 (Mass.2000) ("Knowledge of the condition is a predicate to what is open and obvious.")
[23] *Murgo v. Home Depot USA, Inc.,* 190 F. Supp. 2d 248, 252 (D. Mass. 2002)
[24] *Potvin v. Speedway LLC,* No. CV 14-10598-JGD, 2017 WL 3971096, at *5 (D. Mass. Sept. 8, 2017) citing *Dos Santos*, 465 Mass. at 154, 987 N.E.2d at 1192 (citing *Davis,* 420 Mass. at 743, 652 N.E.2d at 569).

7

exercise reasonable care." [25] Defendant should have been aware that the nature of Plaintiff's work would distract him from taking notice of defects on the premises and that, as a result, he could not exercise as much attention to his surroundings as would have been required to recognize the defect.

Taking into consideration Plaintiff's allegation that there was a puddle which obscured the defect on the date of incident, along with the factors the Court enumerated in *Murgo*, Defendant's arguments that the alleged condition on which Plaintiff tripped was open and obvious is without merit. Additionally, even if said defect is deemed to have been open and obvious, Plaintiff's argue that this is not grounds for summary judgment. Following *Murgo* the question of whether the defect on which Mr. Johnson was injured was an open and obvious danger relates to the issue of comparative negligence and is a question of material fact for the jury. As a result, Plaintiffs argue that summary judgment based on this argument should be denied.

III. THE EVIDENCE SHOWS THAT THERE WAS A DEFECT ON THE SUBJECT PREMISES THAT RESULTED IN A PUDDLE WHICH OBSCURED THE DEFECT

Defense Counsel alleges in their memorandum that "not a scintilla piece of evidence has been presented that the puddle at issue was caused by any defective design or defective condition on Speedway's premises." Defendant's assertion fails to acknowledge the report of Plaintiff's expert, Mr. David A. Doddridge, which concludes that the 'puddle' was a "hazardous condition and tripping hazard."[26] Mr. Doddridge finds, "the condition of the walking/working surface Mr.

---

[25] Id.
[26] David A. Doddridge report of June 20, 2017, page 3, observations.

Johnson was required to walk upon was defective and in a poor state of repair." [27] Mr. Doddridge's report finds that "the subject walking surface was depressed and was not repaired **or maintained** to meet the above (OSHA and ASTM) standard."[28] Mr. Doddridge continues… "Speedway failed to comply with OSHA regulation (1910.22) (a-d) due to the fact that the identified surface condition was hazardous and the hazardous condition was poorly maintained and not repaired." Additional evidence, including the photographs of condition and the 30(b)(6) deposition which inquired about same, has been presented to demonstrate that the puddle was a defective condition. (See Exhibit No. 5, 30(b)(6) Deposition of Speedway, LLC., pp. 29:9-18, 84:22-86:17). Taken in the light most favorable to the Plaintiffs, the photographs of the condition along with the report of Mr. Doddridge, support an inference that Defendant failed to reasonably maintain its property. (See attached Exhibit 1).

In further support of its argument that Defendant is entitled to summary judgment on the grounds that there is no evidence of any defective condition, Defendant cites the case of *Wexler v. Stanetsky Memorial Chapel of Brookline, Inc.,* by claiming the Court found "without evidence of some inherent defective[sic] or defective condition on the premises, along with the presence of water, a defendant cannot be held liable." [29] Defendant's interpretation of *Wexler* is incorrect. In *Wexler*, it is neither stated nor inferred that there was no defect present where Plaintiff fell, as Defendant would suggest. Rather, the Court found that it was impractical to require the Defendant to remove a condition that was being created on an on-going basis due to foot traffic. Regardless, Plaintiff notes *Wexler* is distinguishable from the present case in that *Wexler* focused on the issue of preventability of a transient defect, water on an interior floor resulting from foot

---

[27] David A. Doddridge report of June 20, 2017, page 2, case facts.
[28] Id. Emphasis and parentheses added.
[29] Defendant, Speedway Memorandum of Law in support of motion for summary judgment citing *Wexler v. Stanetsky Memorial Chapel of Brookline, Inc.*, 2 Mass. App. Ct. 750 (1975).

9

traffic. The plaintiff in *Wexler* was injured when she slipped and fell on defendant's floor during a memorial service. The Court found that foot traffic, in combination with the fact that it was snowing outside, made it impractical to eliminate the danger caused by the defective condition. The defect in the present case was not a transitory condition but rather, an unchanging defect hidden by a transient condition, the accumulation of rain. Plaintiff notes that with or without the rain and puddle, there was a hazardous condition that was not open and obvious and which presented a foreseeable danger. The puddle is only relevant to demonstrate the additional difficulties presented in observing the defective condition.

    The cases cited by Defense Counsel in their memorandum are distinguishable from the instant case. *Wexler*, *Vaccaro v. Univ. of Mass. Memorial Medical*; *Kirmes v. Stop & Shop Companies* and *Leary v. Jordan Marsh Co.*, all concern an accumulation of water indoors, on a flat floor. Plaintiffs argue that these cases are distinguishable from the present case in that there is a strong difference between the preventability of a slip and fall on a transient accumulation of water on a flat surface indoors, and a trip and fall due to a dramatic difference in height between walking surfaces. The fact that this deviation in height created a condition where a puddle was able to form does not make the case similar to those cited by Defendant. In *Kirmes*, the Court describes the accumulation of water as a "puddle" however it is a flat, wet surface on an indoor floor and the measurement cited is in width, not depth, unlike the facts of the present case.

    The snow and ice cases cited by Defense Counsel are further distinguishable from the present case as snow and ice based claims deal with the issue of preventability on the part of the property owner as to the defect during a transient snow or ice event. However, these cases do not support Defendant's arguments as the present case is based on the existence of an underlying defect that allowed a puddle to form which obscured the defect on which Plaintiff alleges he was

10

injured. The defect, a deviation in height in between walking surfaces, posed a foreseeable risk of harm to any individual on the Defendant's property. Said defect, in and of itself, was not caused by a random weather condition on the day of the incident. The weather on the day of the incident simply made the condition more dangerous by making it more difficult to observe. Plaintiffs argue that the Court should disregard Defendant's attempt to relate the cited cases to the present case as they facts are wholly distinguishable

The present case is also distinguishable from the case of *Cranshaw v. Cumberland Farms, Inc.*, cited by Defendant, in which the Court determined that the Plaintiff failed to produce effective evidence of any defect in the defendant's parking lot. In *Cranshaw* the plaintiff fell on an accumulation of ice in the defendant's parking lot which plaintiff alleged was due to "improper grading." The plaintiff in *Cranshaw* did not provide any expert testimony and the plaintiff's photographs were four years old.[30] In contrast, in the present case, Plaintiff has produced photographs from two months after the incident and more from fifteen months after the incident. These photographs, in conjunction with the opinions of Plaintiff's expert witness, support the argument that a defect was present at the time of the subject incident, that said defect was the result of negligent maintenance by the Defendant and that the defect was the proximate cause of Plaintiff's injuries. Summary judgment in favor of the Defendant is inappropriate as there is a genuine dispute of material fact as to whether the puddle obscured the defect on which Plaintiff tripped and whether the puddle was the result of a defective condition

Given that Defendant disputes Plaintiff's allegations that a defective condition existed and Defendant's argument that it did not fail to properly maintain and repair the premises, there

---

[30] *Cranshaw v. Cumberland Farms, Inc.,* 613 F. Supp. 2d 147, 150 (D. Mass. 2009)

is a genuine issue of material fact in dispute which makes this case inappropriate for summary judgement.

IV.    <u>DEFENDANT'S ARGUMENT THAT IT SHOULD NOT BE HELD LIABLE FOR THE ACTS OF ITS INDEPENDENT CONTRACTOR IS INAPPLICABLE TO THE PRESENT CASE AS THERE IS NO ALLEGATION BY PLAINTIFFS THAT ANYONE OR ANY ENTITY OTHER THAN DEFENDANT WAS RESPONSIBLE FOR THE MAINTENANCE OF THE SUBJECT LOCATION</u>

In its memorandum, Defendant asserts that Speedway cannot be held liable for acts of an employee of its independent contractor, Brewer. Defense Counsel cites the Restatement (Second) of Torts §409, "the employer of an independent contractor is not liable for physical harm caused … by an act or omission of the contractor or his servants." Plaintiff argues that the only relevance in this case of Mr. Johnson's status as a Brewer employee is his lawful presence on Defendant's property and Defendant's notice and knowledge of where on the property Mr. Johnson would be working. Defendant's attempt to qualify Mr. Johnson as an independent contractor are irrelevant to the present issue. In the present case, there is no allegation that the defect on Defendant's property and on which Plaintiff was injured was due to negligent maintenance by Plaintiff's employer. Nothing in the documents or exhibits provided by Defendant point to any such duty, whether contractually imposed or otherwise, or breach of said duty. Defendant has not filed a third party claim against Brewer alleging negligence or failure to properly maintain the property where Mr. Johnson was injured nor has it filed any type of declaratory judgement action seeking indemnification, contribution or defense from Brewer as a result of any liability that may be imposed on Defendant.

A property owner owes the same duty of care to employees of independent contractors as it owes to any other lawful visitor on the premises. In *Poirier v. Town of* Plymouth, the Massachusetts Supreme Judicial Court held that a property owner owes the same duty of care to

employees of independent contractors as it owes to any other lawful visitor on the premises.[31] In *Poirier* the Massachusetts Supreme Judicial Court further held, "an employee of an independent contractor should not be made to suffer the negligence of the property owner."[32] Additionally, in *Polak v. Whitney* the Massachusetts Appeals Court held the landowner's duty includes "an obligation to maintain the premises in a reasonably safe condition and to warn of dangers of which it was aware or reasonably should have been aware."[33] Defense Counsel has had ample time and opportunity to allege negligence against Brewer and joining Brewer as a third-party Defendant. Defense Counsel has failed to do so and such arguments are untimely and inappropriate for the purposes of a summary judgment motion.

V. <u>DAVID A. DODDRIDGE'S REPORT IS THE RESULT OF RELIABLE DATA AND IS ADMISSIBLE TO DEMONSTRATE THAT SPEEDWAY VIOLATED SEVERAL OSHA STATUTES AND REGULATIONS</u>

In its memorandum in support of the pending motion for summary judgment, Defense Counsel asserts a *Daubert* and Fed. R. Evid. 702 evidentiary issue. A motion for summary judgment is **not** an appropriate method to assert this argument. Defense Counsel's argument questioning whether Mr. Doddridge's report and opinions meet the required standard for expert testimony is more appropriately addressed in a motion in limine. Defendant asserts that Mr. Doddridge "has failed to demonstrate any expertise with the building code and maintenance of gas stations... and… has not presented any research or data concerning the repair, maintenance, and upkeep of the relevant areas involving the fuel tank pads and/or fill area…"[34] Defendant asserts that Mr. Doddridge's conclusion is the result of "mere guesswork". In response, Counsel for Plaintiff has produced Mr. Doddridge's Curriculum Vitae (CV) with his report which more

---

[31] *Poirier v. Town of Plymouth,* 374 Mass. 206, 372 N.E.2d 212, 227 (1978)
[32] Id.
[33] *Polak v. Whitney,* 21 Mass.App. 349, 487 N.E.2d 213, 215 (1985)
[34] Speedway Memorandum of Law in Support of Its Motion for Summary Judgment

13

than amply illustrates Mr. Doddridge's qualifications to offer an opinion on the liability applicable to the present case. (See attached Exhibit 3 Curriculum Vitae of David A. Doddridge). Additionally, Mr. Doddridge includes the following in his conclusion and opinion section: "I have extensive experience inspecting retail gas service stations. Over several years, I contracted with British Petroleum to perform Property Condition Assessments on over 30 retail gas stations throughout the New York and New Jersey areas. As a part of the inspection protocols used, it was my duty to identify hazardous conditions, including tripping hazards on all areas of each property and make recommendations to correct each hazard. The inspection protocols were developed by me in conjunction with British Petroleum and their agents…" [35] These statement by Mr. Doddridge illustrate that Defense Counsels argument is without merit and ignores the content of Mr. Doddridge's report, experience and CV.

Defense Counsel has alleged that Mr. Doddridge's report lacks "research or data concerning the repair, maintenance and upkeep of the relevant areas involving the tank pads and/or fuel fill area." This is not true as Mr. Doddridge's report takes into consideration photographs of the actual area of the subject incident and his opinions are based on his extensive experience as a gas station safety consultant.

Defense Counsel's argument that Mr. Doddridge does not rely on reliable data, scientific knowledge, recognized principles, methodology or literature is contradicted by their own citation of the standards Mr. Doddridge applied to the instant case. Mr. Doddridge relied upon and cited both the ASTM and applicable OSHA and Industrial Code Regulations, he also gives reference to the exhibits upon which he relied in the formation of his conclusions. Additionally, Mr. Doddridge states at the beginning of his report that "my opinions are based upon my review of

---

[35] David A. Doddridge report of June 20, 2017, page 6, conclusion & opinion.

the documents enumerated below, the facts of the case, and my education, experience and training as it relates to this case." Therefore, Defense Counsel's argument that Mr. Doddridge report is the result of "mere guesswork" is misleading and inaccurate.

Next, Defense Counsel seeks to argue, that the ASTM is inapplicable to the instant case. To support this argument Defense Counsel alleges that the regulations cited by Mr. Doddridge "applies to walkways and exterior walkways" and that Mr. Johnson's incident did not occur on "any of the walkways at Speedway." (See attached Exhibit 4 ASTM definitions). The ASTM defines a "walkway" as "walking surfaces constructed for pedestrian usage, including floors, ramps, walks, sidewalks, stair treads, parking lots and similar paved areas which may be reasonably foreseeable as pedestrian paths. Natural surfaces such as fields, playing fields, paths, walks, or footpaths, or a combination thereof, are not included." [36] (See attached Exhibit 4 ASTM definitions). Again, Defense Counsel's argument is misleading and inaccurate as the exact definition of a walkway by the ASTM illustrates its applicability to the instant case. Defense Counsel also argues, as they did in *Potvin*, that the ASTM has not been adopted in Massachusetts.

Defense Counsel's arguments based on the case of *Keller v. United States*, cannot withstand scrutiny.[37] In *Keller*, counsel failed to explain why ASTM would be "wholly inapplicable simply because it had been promulgated after the accident… In this context, "applicability" connotes no statutory or regulatory compulsion to *conform* to a particular standard."[38] The Court noted that "applicability connotes mere relevance: that the ASTM had some tendency to make it more or less likely that the defendant… would have

---

[36] ASTM F 1637-95, 3. Terminology, 3.1.14 walkway, https://www.comitzlaw.com/wp-content/uploads/2014/12/safe-walking-surface.pdf accessed 10-15-17.
[37] *Keller v. United States*, 38 F.3d 16, 26 (1st Cir. 1994)
[38] Id.

15

regarded the ASTM norm as a minimum safety standard for the industry... Thus, it was not clear error to find that ASTM possessed some probative value in determining industry safety practices in 1979" [39] The expert in *Keller* also cited two standards, as did Mr. Doddridge (OSHA and ASTM), in forming the opinions presented.[40] In consideration of the two independent safety standards cited, the court found "even if ASTM were deemed wholly inapplicable"… counsel would have to hobble both standards in order to prevail."[41] Following this logic, even if the Court is persuaded by the fact that the ASTM has not been adopted in Massachusetts, Mr. Doddridge cites OSHA 1910.22, to which Defendant is obligated to conform. Further, this ruling defeats Defense Counsels argument that "changes to the OSHA regulations…were not adopted until publication in the Federal Register on November 18, 2016."

The present case is further distinguishable from *Potvin* as the expert was applying a section of the ASTM that did not directly apply to the facts at issue ( the ASTM did not have a section on grooves in walking surfaces so he applied the ASTM section on grates.) It is important to note that the expert in *Potvin* stretched to apply the ASTM section regarding grates to the grooved pavement in the case.

The standards upon which Mr. Doddridge relies are widely accepted and applied. The regulations applied by Mr. Doddridge to the facts of the present case, as explained above, directly cover the area of Defendant's premises where the incident is alleged to have occurred. Unlike *Potvin*, in which the plaintiff conceded the Speedway station was designed to code, Mr. Doddridge cites OSHA and ASTM to show **severe** deviations from acceptable practices and codes and thus supports a finding of negligence against the Defendant, Speedway. In *Potvin* this

---

[39] Id.
[40] Id.
[41] *Keller v. United States*, 38 F.3d 16, 26–27 (1st Cir. 1994)

honorable Court recognized the "serious gaps in the analysis which make the admissibility of the expert's testimony highly questionable."[42]

The Court was careful to return to the summary judgment standard, and not that of Federal Rule of Evidence 702, in explaining "read most generously, the expert has opinioned that it would be safer if different warnings had been given."[43] The Court did not make an ultimate decision here because it was determined that the condition was open and obvious.[44] It is clear, that the *Potvin* case is highly distinguishable from the instant case. Therefore, we urge this Honorable Court to apply the reasoning indicated above. Mr. Doddridge's report, read in a light most favorable to the Plaintiffs, indicates that the condition on which Plaintiff was injured was not open and obvious, especially in light of the accumulation of rain that obscured the defect. His report further supports the position that the condition was a hazardous defect that was the result of Defendant's breach of duty to maintain its premises in a reasonably safe condition.[45] Therefore, we respectfully argue that Mr. Doddridge's report is admissible at trial as it is based on reliable data, applicable codes and regulations and significant experience as a gas station safety consultant.

Should Defendant seek to discredit Plaintiff's expert, they may do so at trial and it will then be up to the jury to determine whether or not to adopt the opinions of Plaintiff's expert. If Defendant is seeking to exclude Mr. Doddridge's report at trial, it is free to do so pursuant to an appropriate motion in limine, but Plaintiffs would argue that evidentiary issues regarding expert

---

[42] *Potvin v. Speedway LLC*, No. CV 14-10598-JGD, 2017 WL 3971096, at *6 (D. Mass. Sept. 8, 2017)
[43] Id.
[44] Id. "As detailed below, [expert] opinion does not defeat the motion for summary judgment since there was no duty to warn against the obvious and open condition as a matter of law."
[45] See David A. Doddridge report of June 20, 2017, page 6, conclusion & opinion. ("Mr. Johnson was exposed to a hazardous condition (tripping hazard) due to the lack of maintenance…at the time of Mr. Johnson's accident, a puddle had formed at the transition point making it difficult for Mr. Johnson to visually observe the existence of a tripping hazard... the variation in elevation between the concrete flatwork and asphalt paving was excessive…")

witness qualifications and opinions are inappropriate for summary judgment.

Finally, even if the Court is persuaded by the arguments asserted by Defendant based on the *Potvin* case, it is the understanding of Counsel for Plaintiff that *Potvin* is currently on appeal and is therefore unsettled law and should not be relied upon as precedent.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court **deny** Defendants' Motion for Summary Judgment.

**REQUEST FOR ORAL ARGUMENT**

The Plaintiffs, Richard Johnson and Catherine Jarvis, hereby request a hearing on this matter as oral argument may assist the Court in rendering a decision.

RESPECTFULLY SUBMITTED,  
The Plaintiffs,  
By Their Attorney,  
KECHES LAW GROUP, P.C.  
   /S/ Adam H. Becker  
Adam H. Becker, Esquire  
BBO# 561032  
2 Granite Avenue, Suite 400  
Milton, Massachusetts 02186  
Tel No. (508) 821-4355  
Fax: (617) 698- 0672  

DATED: October 18, 2017                                        Abecker@kecheslaw.com

**CERTIFICATE OF SERVICE**

    I, Adam H. Becker, of the Law Firm of Keches Law Group, P.C., attorney for the Plaintiffs in this action, hereby certify that a true copy of the above document was served upon the following Attorneys of record for Defendant by mail and ECF filing:

    Luana DiSarra Scavone, Esquire
    Laurence Von Barta, Esquire
    Litchfield Cavo, LLP
    6 Kimball Lane
    Suite 200
    Lynnfield, MA 01940

    /S/ Adam H. Becker
    Adam H. Becker, Esquire
    BBO #: 561032
    KECHES LAW GROUP, P.C.
    2 Granite Avenue
    Suite 400
    Milton, MA 02186
    (508) 821-4355
    Abecker@kecheslaw.com

DATED: October 18, 2017