UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD JOHNSON and CATHERINE JARVIS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-11810 |
| SPEEDWAY, LLC, | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                        December 28, 2017

### I. Introduction

Plaintiffs Richard Johnson ("Johnson") and Catherine Jarvis ("Jarvis") (collectively, "Plaintiffs") have filed this lawsuit against Defendant Speedway, LLC ("Speedway") alleging negligence and loss of consortium. D. 1-1. Defendants have moved for summary judgment. D. 33. For the reasons stated below, the Court DENIES the motion.

### II. Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The movant bears the burden of demonstrating the absence of a genuine issue of material fact.

Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor." Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). "As a general rule, that requires the production of evidence that is 'significant[ly] probative.'" Id. (quoting Anderson, 477 U.S. at 249) (alteration in original). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

### III. Factual Background

The following facts, unless otherwise noted, are undisputed. In October 2014, Johnson was employed by Brewer Petroleum as a delivery truck driver. D. 43, ¶ 5. On either October 7 or 8, 2014, a fact disputed by the parties, see D. 25, Johnson drove to a gas station operated by Speedway in Whitinsville, Massachusetts (the "station"). D. 43, ¶ 6. Johnson's responsibilities included driving a truck carrying gasoline to the station, and filling its storage tanks. D. 43, ¶ 9. The station's storage tanks are located underground, under a flat concrete surface (the "concrete pad"), which is raised between 1.5 and 2 inches from the surrounding asphalt. D. 43, ¶¶ 41-42. While walking along his truck, Johnson stepped off the edge of the concrete pad and into an adjacent puddle, causing him to stumble and roll his ankle. D. 43, ¶ 11. Plaintiffs, disputing in part, add that Johnson testified that when he rolled his ankle, he felt a crunch in his knee and a pop in his groin. Id. Johnson caught himself on the edge of his truck and prevented himself from falling. D. 43, ¶ 12. After the storage tanks had been filled and Johnson completed his other responsibilities, Johnson returned to his truck to inspect the puddle where he had tripped. D. 43,

¶ 22. Johnson saw that the puddle was three to four feet in diameter and could feel a depression in the asphalt at the bottom of the puddle. D. 43, ¶ 23.

## IV. Procedural History

Plaintiffs instituted this action in Middlesex Superior Court on June 21, 2016. D. 1-1. Defendants removed the case to this Court on September 6, 2016. D. 1. The parties proceeded with discovery. The Court heard the parties on the pending motions on November 9, 2017, and took this matter under advisement. D. 52.

## V. Discussion

To support their negligence claim, Plaintiffs must show that Speedway owed a legal duty to Johnson, that Speedway breached that duty, and that the breach was the proximate cause of Johnson's injury. Cohen v. Elephant Rock Beach Club, Inc., 63 F. Supp. 3d 130, 138 (D. Mass. 2014); see Davis v. Westwood Grp., 420 Mass. 739, 742-43 (1995). An owner or possessor of land owes a common-law duty of reasonable care to any person lawfully on the premises. Davis, 420 Mass. at 743. Speedway's arguments focus on whether it owed a duty to Johnson, and if it did, the scope of that duty. As explained below, on this record, Plaintiffs' negligence claim survives summary judgment.

Plaintiffs have demonstrated that Speedway owed Johnson a duty of care as a business invitee to "keep its premises in a reasonably safe condition for use according to the invitation or to warn of dangers not obvious to the ordinary person and of which [t]he[y] would not be expected to know, but which were known or should have been known to the defendant." Rainka v. Shing, 2000 Mass. App. Div. 186 (Dist. Ct. 2000) (citing Benjamin v. O'Connell & Lee Mfg. Co., 334 Mass. 646, 649 (1956)).

3

However, "[l]andowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards." O'Sullivan v. Shaw, 431 Mass. 201, 204, 211 (2000). "A danger is open and obvious if a reasonable man 'exercising ordinary perception, intelligence, and judgment' would recognize the danger." Murgo v. Home Depot USA, Inc., 190 F. Supp. 2d 248, 251 (D. Mass. 2002) (quoting Gallant v. Indian Ranch, Inc., 2002 Mass. App. Div. 12 (Dist. Ct. 2001)). Speedway contends that the asphalt depression was an open and obvious hazard, but the Court on this record cannot say that this defect was open and obvious, thereby obviating the duty. Johnson testifies that when he tripped he stepped into a puddle, D. 43, ¶ 11, and on later inspection the same day of the accident Johnson felt a depression in the asphalt covered by the puddle, D. 43, ¶¶ 22-23. But unlike "clearly visible . . . . concentric grooves [] surround[ing]" a gas pump, Potvin, 2017 WL 3971096, at *6, or the danger of "div[ing] headfirst into the shallow end of the defendants' swimming pool," O'Sullivan, 431 Mass. at 207, the puddle's concealment of the depression could be found to have concealed the hazard. See Rainka v. Shing, 2000 Mass. App. Div. at 186 (explaining that "[k]nowledge of the condition is a predicate to what is open and obvious," and that knowledge is evaluated in the circumstances when the plaintiff was injured); Tetreault v. Dupuis, 351 Mass. 710, 710 (1967); Rossley v. S. S. Kresge Co., 339 Mass. 654, 656 (1959).[1]

---

[1] Speedway also points to three opinions addressing raised concrete pads at gas stations from other jurisdictions, all of which are also distinguishable because none contained any supplemental hazards that augmented or concealed the hazard, like the puddle and asphalt depression. See Steiner v. Parman Corp., No. 01A-01-9705-CV-00233, 1997 WL 749454, at *4 (Tenn. Ct. App. Dec. 5, 1997); Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207, 1208 (Fla. Dist. Ct. App. 1990); Marriott v. Beaumont Properties, Inc., No. 190388, 1997 WL 33344682, at *1 (Mich. Ct. App. July 8, 1997) (per curiam opinion).

The other cases upon which Speedway relies are also distinguishable. In <u>Cranshaw v. Cumberland Farms, Inc.</u>, 613 F. Supp. 2d 147, 149 (D. Mass. 2009), the plaintiff alleged a hazard caused by the design and maintenance of a parking lot and the resulting natural accumulation of ice. <u>Id.</u> However, in that case the court noted that its decision turned on the plaintiff's failure to offer any probative evidence beyond "his own affidavit and a series of photographs" that would "suggest[] that the puddles resulted from improper design, drainage or grading." <u>Id.</u> at 149-50 (citing <u>Reardon</u>, 63 Mass. App. Ct. at 45). The court noted expert evidence[2] as an example of what may have strengthened the plaintiff's attempt to distinguish defective or unsafe conditions from otherwise normal asphalt depressions and resulting puddles. <u>Id.</u> In <u>Wexler v. Stanetsky Memorial Chapel of Brookline, Inc.</u>, 2 Mass. App. Ct. 750, 751-52 (1975), the court determined that water tracked into a funeral home by intermittent guests was a transient condition that could be reasonably avoided by guests, and thus the defendant had not breached its duty. <u>Id.</u> However, in

---

[2] Plaintiffs' expert David Doddridge ("Doddridge") is in the construction and building inspection industries, having received training in commercial building codes, and consults in civil litigation relating to building code compliance, worker and other personal injuries, and construction disputes. D. 44-3 at 1. Speedway contends that Doddridge is not a qualified expert, and that his opinion on excessive variation and tripping hazard on the concrete and asphalt due to lack of maintenance should not be considered as a part of the summary judgment record. Relying on his experience performing assessments on gas stations to identify hazardous conditions, party admissions, medical records and photographs from discovery in this case, as well as applicable codes and standards from the American Society of Testing and Materials ("ASTM") and Occupation Safety and Health Administration ("OSHA") "walking-working surfaces" regulations, Doddridge concluded that Johnson was exposed to a variation in excess of these applicable guidelines, augmented by a lack of maintenance and obscured by the puddle that had accumulated. D. 44-2 at 6. These standards, which Doddridge deemed applicable, do not "connote[] [] statutory or regulatory compulsion to *conform* with a particular standard. Rather, 'applicability' connotes mere relevance." <u>Keller v. United States</u>, 38 F.3d 16, 26 (1st Cir. 1994) (emphasis in original and citations omitted). Speedway's reliance on <u>Potvin v. Speedway LLC</u>, No. CV 14-10598-JGD, 2017 WL 3971096, at *6 (D. Mass. Sept. 8, 2017), in which the plaintiff's expert had no relevant experience relating to gas stations, and did not rely on relevant OSHA standards as an alternative benchmark to ASTM standards, <u>Id.</u> at *3, is not persuasive. Accordingly, Doddridge's expert opinion is properly considered by the Court in the resolution of the pending motion.

that case the court noted that the accumulation was minimal, and furthermore that the accumulation was not accentuated by any unusual condition of the wet floor. Id. In this case, Plaintiffs have offered evidence in support of their argument claiming the opposite: that both the raised edge and depression were not usual or reasonable, and accordingly that when a puddle formed next to the raised edge, it was hazard caused by a failure to maintain rather than a "transitory condition[] of (the) premises[] due to normal use in wet weather." Id. at 751 (quoting Lannagan v. Jordan Marsh Co., 324 Mass. 540, 542 (1949)).

Furthermore, "the existence of an open and obvious danger will not necessarily relieve a landowner of the duty to remedy that danger." Dos Santos v. Coleta, 465 Mass. 148, 155 (2013). Plaintiffs have raised theories of both failure to warn and failure to reasonably maintain. D. 1-1, ¶ 11. Plaintiffs have offered evidence to show: (i) the concrete pad's raised edge, adjacent to the asphalt depression, was an unreasonable hazard, as supported by Doddridge's opinion, D. 44-2 at 3, 6; (ii) that a depression in the asphalt near the concrete pad was concealed by a large puddle, as supported by witness testimony, D. 43-3 at 14-16, 26, and photographs, D. 34-6; D. 44-1; and (iii) that the puddle further concealed the "transition point" from the raised edge to the depressed asphalt, supported by witness testimony, D. 43-3 at 14-16, 26, D. 43-5 at 2, 4, photographs, D. 34-6; D. 44-1, and Doddridge's opinion, D. 44-2 at 6. Whether the raised edge, depression and related puddle in the asphalt "alone or in connection . . . [became] a hazard to lawful visitors" are questions that preclude allowing summary judgment. Reardon v. Parisi, 63 Mass. App. Ct. 39, 45 (2005) (quoting Sullivan v. Brookline, 416 Mass. 825, 827 (1994)).

Accordingly, there remain disputed questions of fact as to whether Speedway's duty to keep the "property in a reasonably safe condition in view of all the circumstances, including the

6

likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk,"[3] Dos Santos, 465 Mass. at 154 (quoting Mounsey v. Ellard, 363 Mass. 693, 708 (1973)), included repairing or warning of the gap between the concrete pad and puddle-covered depressed asphalt, and whether Johnson exercised reasonable care in his movement around the hazard.

**VI.    Conclusion**

For the foregoing reasons, the Court DENIES Speedway's motion for summary judgment, D. 33.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] Speedway argues, in conflict with its concession that it owes some duty as the owner or possessor of the property, that it does not owe any duty because Johnson was not employed by Speedway, but rather by an independent contractor. D. 34 at 13. Because Plaintiffs do not assert any agency theory of liability, Johnson's employer is only relevant to establish that he was a business invitee at the gas station the day he was injured, which is undisputed. Under Massachusetts law, "[a] landowner owes a single duty of reasonable care to all persons lawfully on his premises." Doherty v. Town of Belmont, 396 Mass. 271, 274 (1985) (citing Mounsey v. Ellard, 363 Mass. 693 (1973); Poirier v. Town of Plymouth, 374 Mass. 206, 207 (1978)). Accordingly, the Court rejects this argument.